## Commonwealth v. Thompson

*Paul W. Reeder*, District Attorney, for Commonwealth.

*J. Neafie Mitchell*, for defendant.

GREEVY, J., September 19, 1961.—Defendant was arrested and charged with violation of The Vehicle Code of April 29, 1959, P. L. 58. The information sets forth:

"Defendant above named, did unlawfully operate a Ford Truck bearing 1960 Penna. registration #V83-76E, 1960 validating sticker #C381133, upon the above named Rt's with in the above named Twp. and County being a public highway, at or about the hour of 12:45 PM EST, did then and there pull away from a parked position onto the main traveled portion of the highway and in to the path of a vehicle traveling East on the above named Rt., there by caused an accident with another vehicle. Contrary to article 10, section 1001.1, act 32, P. L. July 1, 1959. Information filed on information received from Leroy Kramer, Mifflinville, Penna."

Defendant elected to waive the preliminary hearing before the justice of the peace and entered bail for his appearance before the court.

The case was called for hearing, at which time counsel for defendant, contending the information was insufficient, made a motion to quash.

Defendant's contention is that the information is defective in that it does not contain the elements of the offense.

". . . the essential elements of the offense must be set forth in common parlance in the information. The criminal act constituting the offense must be averred. If that be done, the information is sufficient; otherwise, it is not, and should be quashed." See Commonwealth v. Smith, 75 D. & C. 428.

"[The complaint] must be sufficiently definite to show 'some specific act within the statute charged to have been violated.' . . . It is not sufficient to charge that the defendant violated a specified section of a certain act without describing the action on the defendant's part constituting the alleged violation; the information should specifically describe the offense": Carringer, Procedure in Summary Conviction in Pennsylvania, page 35.

The wording of the information in the present case is insufficient notice to defendant of the nature of the charge against him as the essential elements of the alleged violation are not set forth.

The information does not set forth facts constituting the alleged offense and the motion will be granted.

We make the following

### Order

And now, to wit, September 19, 1961, motion to quash the information is granted and defendant is discharged. Lycoming County to pay the costs.